UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARDELL CAMPBELL,

      Petitioner,

v.                                        Case No. 08-CV-10223

PORT HURON COUNTY JAIL,

      Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Petitioner Cardell Campbell, presently incarcerated at the St. Clair County, Michigan, jail, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254, in which he challenges various conditions of his confinement. For the reasons stated below, the petition for writ of habeas corpus is dismissed without prejudice.

**I. BACKGROUND**

Petitioner, currently incarcerated apparently on pending federal charges of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, claims that he is not receiving adequate dental care by the jail staff for an aching tooth. Petitioner further alleges that there is an inadequate supply of drinking water at the jail. Petitioner also complains that is he is incarcerated with defendants who have already been sentenced for their crimes, as well as with persons awaiting medical testing.

## II. DISCUSSION

The instant petition is subject to summary dismissal because Petitioner is challenging the conditions of his confinement.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by Petitioner, which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like Petitioner may, however, bring claims that challenge the conditions of confinement under 42 U.S.C.§ 1983. *Id.; see also Austin v. Bell,* 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996). Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 F. App'x 389, 393 (6th Cir. 2006).

The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F.

3d 710, 714 (6th Cir. 2004).[1] Accordingly, the court will dismiss the instant petition without prejudice.

### III.  CONCLUSION

IT IS ORDERED that the Petitioner's January 15, 2008 "Petition for Writ of Habeas Corpus" [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 22, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 22, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1] The court expresses no view concerning whether or not Petitioner's claims would be sustainable in the event he were to choose to file them in the proper manner.